UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSAN KOSCIUKOWICZ by CAROLINE FALCONETTI as Attorney in Fact,<br><br>                                        Plaintiff<br><br>           -against-<br><br>SUNRISE OF EAST MEADOW, d/b/a SUNRISE SENIOR LIVING SERVICES, INC., a/k/a SUNRISE SENIOR LIVING, LLC<br><br>                                        Defendants. | Case no. |

## Notice Of Removal

Pursuant to 28 U.S.C. § 1441, defendant Sunrise Senior Living Management, Inc. (improperly pleaded as Sunrise of East Meadow, d/b/a Sunrise Senior Living Services, Inc. a/k/a Sunrise Senior Living, LLC) ("SSLMI") hereby removes this action from the Supreme Court Of The State Of New York, County Of Nassau to the United States District Court for the Eastern District of New York.  The grounds for removal are as follows:

1.      Plaintiff Susan Kosciukowicz by Caroline Falconetti as Attorney in Fact, commenced an action in the Supreme Court Of The State of New York, County of Nassau. That lawsuit is identified in that court as *Susan Kosciukowicz by Caroline Falconetti as Attorney in Fact -against- Sunrise of East Meadow, d/b/a Sunrise Senior Living Services, Inc., a/k/a Sunrise Senior Living, LLC*, Index No. 600693/2021 (the "State Court Action").

2.      The State Court Action may be removed, and is removed, to this Court under 28 U.S.C. § 1441.

3.      This Court has original jurisdiction on the basis of diversity under 28 U.S.C. § 1332.  Diversity jurisdiction pursuant to 28 U.S.C. § 1332 is based upon the action involving a

26617582v.1

matter in controversy exceeding the "sum or value of $75,000, exclusive of interests and costs," and being between "citizens of different States."

4. In accordance with 28 U.S.C. §1446(a), a copy of all process, pleadings and orders that were served upon SSLMI in the State Court Action are attached as **Exhibit 1**.

5. **Diversity of parties.** With regard to citizenship of the parties, the following is alleged:

    a. The complaint alleges that plaintiff Susan Kosciukowicz was a resident of New York, and specifically a resident of Sunrise Senior Living of East Meadow in New York, which made her a citizen of New York. (Complaint ¶¶ 1, 19, **Exhibit 1**).

    b. SSLMI is a Virginia corporation with its principal place of business in Virginia. Therefore, SSLMI is a citizen of Virginia.

6. **Amount in controversy.** The preponderance of the evidence pertaining to the kind and extent of the alleged injuries and damages demonstrates that the amount in controversy from Plaintiff's point of view and as stated by Plaintiff in the complaint exceeds $75,000, exclusive of interests and costs. The jurisdictional amount in a case, along with other diversity requirements, is determined as of the date that suit is filed. *See Wolde-Meskel v. Vocational Instruction Project Cmty. Services, Inc.*, 166 F.3d 59, 62 (2d Cir. 1999). "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994). That burden is not difficult to overcome, though, as the Second Circuit recognizes "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Wolde-Meskel*

at 63.  To overcome the face-of-the-complaint presumption, the party opposing jurisdiction must show "to a legal certainty" that the amount recoverable does not meet the jurisdictional threshold. *Id.*  The amount in controversy is determined using the allegations in the complaint if they include such an amount, and if they do not, courts may look to the petition for removal. *See Davenport v. Procter & Gamble Mfg. Co.*, 241 F.2d 511, 514 (2d Cir. 1957).  In this case, the following demonstrates that the damages sought by Plaintiff exceed $75,000:

> a. Generally, the complaint alleges that SSLMI's negligence and violations of law caused multiple hip fractures, pelvic fractures, spine fractures, pressure ulcers, infections, and conscious pain and suffering. (Complaint ¶ 35, **Exhibit 1**.)  SSLMI denies these allegations, but those are Plaintiff's allegations.  These alleged damages, if Plaintiff prevails, have a reasonable probability of being in excess of $75,000.
>
> b. A further breakdown of the complaint shows the following relevant information:
>
>    - First cause of action: It alleges SSLMI violated New York Public Health Law §2801-d and New York Public Health Law §2803-c.  As a result, the complaint alleges Plaintiff "is entitled to recovery of attorney's fees pursuant to New York Public Health Law § 2801-d(6)" and "punitive damages pursuant to New York Public Health Law § 2801-d(2)." (Complaint ¶ 36, **Exhibit 1**.)  These statutory damages, if Plaintiff prevails, would increase the potential compensatory damages that already have a reasonable probability of exceeding $75,000.

- Second cause of action: It alleges negligence. As a result of negligence, Plaintiff alleges "medical treatment, incur medical expenses, disfigurement, disability, pain and suffering." (Complaint ¶ 42, **Exhibit 1**).

- Third cause of action: It alleges medical malpractice. As a result of said malpractice, Plaintiff "was caused to suffer and sustain severe and permanent serious personal injuries, severe and serious pain and suffering." (Complaint ¶¶ 50, 51, **Exhibit 1**).

Naturally, Defendants reserve the right to argue and prove that no damages were sustained or that, if any damages were sustained, they are less. Nevertheless, the monetary threshold for diversity jurisdiction has been established in this case.

7. **Service of process.** Service of process (including the complaint) happened as follows. SSLMI was served with process at the Sunrise of East Meadow community located at 1555 Glenn Curtiss Blvd East Meadow, New York 11554 on January 29, 2021.

8. **Timeliness.** SSLMI files this notice of removal within 30 days of its receipt of the initial pleading (that, is, the complaint) in the State Court Action. Under 28 U.S.C. § 1446, a notice of removal can be "filed within 30 days after the receipt" by a defendant of the complaint. On the topic of computing time, Fed. R. Civ. P. 6(a) is relevant. The 30-day period began running no earlier than January 29, 2021, which means that a notice of removal filed by March 1, 2021 would be timely.

9. This action may be removed to this Court pursuant to 28 U.S.C. § 1441.

10. A copy of this notice of removal will be filed with the clerk of the Supreme Court of New York, Nassau County, as required by 28 U.S.C. § 1441(d).

26617582v.1

**WHEREFORE**, SSLMI prays that the State Court Action be removed to this Court, and that this Court issue such orders and process as are necessary to preserve its jurisdiction over this matter.

Date: March 1, 2021

                                      Respectfully submitted,
                        By:  s/ Rafael Vergara
                                      Rafael Vergara, Esq.
                                      White and Williams LLP
                                      7 Times Square, Suite 2900
                                      New York, NY 10036
                                      Phone: 212-244-9500
                                      E-mail: vergarar@whiteandwilliams.com
                                      *Attorneys for defendant Sunrise Senior Living Management, Inc.*

To: Johanna Carmona, Esq.
    Sullivan Papain Block McGrath Coffinas & Cannavo P.C.
    120 Broadway, 27th Floor
    New York, New York 10271
    (212) 732-9000
    *Attorneys for Plaintiff*

    Clerk
    Supreme Court of the State of New York, County of Nassau

26617582v.1